UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES PADUA,<br><br>        Petitioner,<br><br>  v.<br><br>JEFF WRIGLEY,<br><br>        Respondent. | 1:07-CV-00415 LJO NEW (DLB) HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #4]<br><br>ORDER DISMISSING PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On March 15, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner claims the BOP is unlawfully denying him consideration for placement into a Residential Re-entry Center ("RRC"). Petitioner was sentenced to serve twenty-four (24) months imprisonment on November 1, 2006; he has a projected release date of July 28, 2008.

      On May 1, 2007, Respondent filed a motion to dismiss the petition as moot, because Respondent has conducted the inquiry Petitioner requested as relief in his petition. In his motion, Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" See Respondent's Motion to Dismiss (hereinafter "Motion"). As a result of this evaluation, the BOP has

determined Petitioner is to spend "30-60 days in a Residential Re-entry Center before his release." Id. As proof, Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." See Exhibit 3, Motion. According to the form, Petitioner's reassessment was conducted on April 5, 2007.

Because Petitioner has already been granted the relief he requested and recommended by the Magistrate Judge, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   May 7, 2007**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE